Avery, J.
It is the object of this writ of error to reverse a judgment of the supreme court, rendered at the April term, 1844, in an action of ejectment.
Upon the trial of the cause, proof, as shown by the bill of exceptions, was first introduced, of a legal title in the .lessees *461 of the plaintiff, derived from the government of the United States.
After the plaintiff had rested his case, the defendant claimed title by virtue of an adverse posssession of the premises for more than twenty-one years, commenced in 1806 by Betsey Rutter, and continued by her during her life; after her death, in 1832 or 3, kept up by her heir first, and subsequently by the defendant in the action, until suit brought.
The plaintiff then gave in evidence the record of a proceed-in chancery, instituted by the same Betsey Rutter against the said Jesse Hunt. The bill was filed in the court of common pleas of Hamilton county, in 1817, and after an appeal, was dismissed, on hearing before the supreme court upon bill, answer, and testimony, at the July term, 1822. The bill was founded on a written obligation, executed in 1801, by said Jesse Hunt, acting fbr himself and said Abijah Hunt, by which they agreed to give possession of the premises to said Betsey Rutter, and Henry Rutter her husband (before the filing of the bill), and upon payment of the purchase money, to execute to them a deed in fee simple for the same. The plaintiff further gave in evidence, in the action of eject-, ment, a paper dated at Natchez, Mississippi Territory, in 1812, purporting to be a conveyance by said Henry Rutter, of all his title and interest in the premises, to Andrew Burt; another paper, dated in the same year, from said Burt to David Hunt; and another paper, .dated-in the same year, from said David to said Jesse Hunt. And to prove the execution of said several papers, the plaintiff in ejectment gave in evidence the depositions of sundry witnesses, taken in said cause in chancery. The defendant had objected to the admission of the depositions, and upon being overruled, took exception to the opinion of the court.
Several questions have been made and debated by counsel upon the writ of error, but the only point decided by the court relates to the admissibility of the depositions, offered by the plaintiff in the progress of the trial.
*462 The record of the proceedings in chancery was intended td rebut the claim of title by adverse possession, and to show that Betsey Rutter held possession of the premises, not adversely, but in pursuance of a contract of purchase. The transfers from Henry Rutter and others, and the depositions which had been taken in the chancery cause, were introduced to show that no defense could be based on the contract, because all the rights growing out of it had passed from the purchaser, and been conveyed to the plaintiff, Jesse Hunt.
These depositions were offered as competent testimony to establish distinct facts in issue before the jury, to wit, the execution of each of the several transfers referred to. They had been taken to be used in a different cause, and no reason was assigned for neglecting to bring the witnesses themselves into court, or for omitting to take their depositions over again, if they could properly be admitted, to be read as evidence at the trial.
The question as to the admissibility of depositions offered under such and similar circumstances, has been decided at the present term, in the case of Shepherd against Willis. In that case, the depositions were declared to be inadmissible, and we regard the decision as an authority in the case now before us. It follows, that there was an error in admitting the depositions on the trial of ejectment, for which cause the judgment of the supreme court is reversed.